————o————

LOUIS KOEHLER, Plaintiff in Error, vs. JOHN L. BERNICKER, et al., Defendants in Error.

1. *Lis pendens—Partition—Defendant in, intermarriage of prior to judgment—Husband not brought in—How affected by suit.*—Where a woman who is defendant in a suit for partition intermarries before final judgment, although her husband is not made party, nor his marriage suggested, his rights are subject to the litigation and he cannot assert them after a sale of the property under the decree in partition. (See 44 Mo. 102, 126; 46 Mo. 194; 40 Mo. 473; 37 Mo. 498.)

2. *Practice, civil—Defects of service—Statute of jeofails.—Semble,* that defects in the manner of service may be cured by the statute of jeofails.

### *Error to St. Louis Circuit Court.*

*Eber Peacock*, for Plaintiff in Error, cited: 2 Kent's Com. §§ 130, 131; Alexander vs. Warrance, 17 Mo. 229; Jackson vs. Johnson, 5 Cow. 74; R. C. 1855, p. 1223, § 7; p. 1218, § 7; Ellington vs. Moore, 17 Mo. 424.

*R. S. MacDonald*, for Defendants in Error, cited: Bernicker vs. Miller, 44 Mo. 102; Miller & wife vs. Bernicker, 46 Mo. 194; Sto. Eq. §§ 895, 896; 10 Mo. 100; 37 Mo. 199.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff brings ejectment for the undivided one-seventh of the west half of the east half of the northeast quarter of section 7, T. 45, R. 6, east, claiming the interest sued for in right of his wife.

In 1859, Laura Lick was one of the defendants in a partition suit, instituted in the St. Louis Court of Common Pleas by John L. Bernicker, et al. vs. Frederick Claus, et al., wherein it was sought to have division made of the east half of the above quarter section. Service of process was duly had on the defendants, and they also appeared by attorney. Interlocutory judgment went on May 24th, 1860, that partition be made. Commissioners were appointed who allotted to Frederick Claus in severalty the east half of the tract last mentioned, and upon their reporting that the west half of said tract was not susceptible of division, the court confirmed their report and ordered the sale of that tract. This order of sale occurred October 31st, 1860. On the 8th of July, 1860, and after service of process, appearance by attorney, and the rendition of the interlocutory decree, as above stated, Laura Lick intermarried with the plaintiff, but no suggestion of the marriage was made, nor was he made a party defendant. In the next succeeding December the property ordered to be sold was sold by the sheriff to Bernicker, defendant, the sale approved, and the deed made to him. A motion to set aside the sale was filed, overruled, and, on appeal taken to this court, the judgment was affirmed.

There was issue born of the marriage referred to, May 10th, 1861.

In October, 1858, a suit had been brought for partition of the same land, in the St. Louis land court, by Peterson et al. vs. Bernicker, Laura Lick, et al. Service of process was had on the defendants in this case also, and they likewise appeared by attorney, as shown by the record. In March, 1861, Bernicker filed an amended answer, and the result of the matter was, that on final decree the west half of the land sought to be divided, was

allotted to Bernicker in severalty, and the residue of the land was ordered to be sold. This occurred in February, 1862. Bernicker purchased this interest also. The marriage of plaintiff was not suggested in this suit, nor was he served with process, nor did he appear thereto.

The records of both the common pleas and land court, as well as the sheriff's deed, were read in evidence by defendants, and though objected to, no ground of objection was stated.

It is claimed by the plaintiff's counsel that the sheriff's return of service is wholly insufficient as to Laura Lick. The service, as to her, in the common pleas court is undeniably irregular, but our statute of jeofails (Wagn. Stat. 1036, § 19) will perhaps cure any seeming defect of this sort ; and if this were not so, still the record recitals, that she appeared by attorney, remain uncontradicted. In addition to that the judgment of affirmance by this court must forever settle all matters of controversy involved in that suit.* As to the service in the cause originating in the land court, it is in usual form, and the record shows an appearance by attorney in that case also. Although no appeal from the judgment was taken, still the judgment stands in full force, unappealed from and unreversed, so that Bernicker's title to the forty acres involved in this suit is assured to him by the judgments of two courts of competent jurisdiction.

. Another ground on which plaintiff's counsel strenuously insist, is, that plaintiff by his marriage with Laura Lick, before final judgment was rendered in the partition suits, acquired certain freehold rights to the land in suit, of which he remains undivested, and, therefore, he can maintain this suit.

In reference to this it may be observed that, while it may have been irregular to fail to bring him in as a party defendant by appropriate procedure, still it by no means follows that the irregularity is fatal, or that he is entitled to recover in this action. And for this reason, whatever rights he acquired, by virtue of his marriage, were obtained subject to the litigation then in progress. That litigation resulted in a sale of the property, which sale swept away every vestige of claim which he or his wife might

---

*See former adjudications referred to in syllabus.

otherwise have possessed to the property in suit.    And plaintiff, therefore, can certainly occupy no better attitude in this regard, than if he had bought the property *pendente lite;* in which event there could be but one opinion as to the status he would occupy.    (Turner vs. Babb, 60 Mo. 342, and cases cited.)

The judgment is affirmed.    Judges Napton and Hough concur. Judge Wagner absent.