Hall v. Morgan.

## HALL, *Appellant*, v. MORGAN.

1. **Contribution between Parcels of Land Subject to a Common Mortgage.** Where two parcels of land are mortgaged and then sold to different parties, and one of them pays off the incumbrance, he is entitled to contribution from the other in a proportion to be determined by the respective values of such parcels.

2. ———. Where two parcels of land are mortgaged and one parcel is then sold and conveyed by warranty deed, the purchaser may redeem the mortgage and enforce it, as an entirety against the parcel retained by the mortgageor.

3. ———: LIS PENDENS: HOMESTEAD: CASE ADJUDGED. Two parcels of land were mortgaged by husband and wife, and the husband then sold and conveyed one of them by warranty deed, and during the pendency of a suit of foreclosure, the purchaser sold and conveyed with the understanding that the tract so sold was to bear its proportion of the mortgage. This tract alone was afterward sold to satisfy the judgment of foreclosure. *Held,* that the other parcel could be subjected to its proportion of the mortgage debt, in favor of the owner of the parcel sold upon foreclosure; and this although it had been set apart, as a homestead, to the widow and minor child of the mortgageor.

4. **Evidence**: CONSIDERATION OF DEED. The actual consideration of a deed may be proven by parol evidence.

5. **"Subject to Mortgage," Construction of.** The words "subject to mortgage" in a conveyance of one of two parcels of land which had been mortgaged together, *Held,* not to imply that the incumbrance was to be satisfied wholly out of the parcel so conveyed, or that the grantee assumed any personal liability for the mortgage debt.

*Appeal from Atchison Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

Respondents are the widow and minor child of P. G. Morgan, who, his wife joining, mortgaged eighty acres of land to secure a note of $500. He afterward conveyed by a general warranty deed for the expressed consideration of $1,000 one parcel of said land of forty acres to his son, who conveyed to appellant under an agreement that appellant

should pay his *pro rata* of the mortgage. The other forty acre tract was, upon the death of P. G. Morgan, set apart, as homestead, to respondents. Upon a judgment of foreclosure appellant's forty acre tract was sold to satisfy, and did satisfy, the entire mortgage debt; and this suit seeks contribution against the forty acre tract unsold and set apart as homestead. Neither appellant nor his vendor was made a party to the foreclosure suit; and it was not shown who was the purchaser at the foreclosure sale. There was some testimony that the sale by the father to the son was for the purpose of avoiding the payment of debts, but there was no evidence showing that appellant knew such to be the fact, if it were so.

*John P. Lewis* for appellant.

*A. B. Durfee* for respondents.

SHERWOOD, J.—Presby G. Morgan owned two contiguous bodies of land making an eighty acre tract, which was half a mile long from east to west. He mortgaged this tract to an eastern company to secure the sum of $500, his wife relinquishing her dower. Subsequently, he conveyed by warranty deed the east forty to his son "Dick," the consideration expressed in this deed being $1,000. Presby G. Morgan died. Plaintiff had a claim for, say $400, probated against his estate.

There were rumors in the community that the conveyance from the father to the son was made in fraud of creditors, but I find nothing in the record which induces belief that plaintiff was possessed of facts which would have authorized him to take steps to have the conveyance set aside, and nothing to show that he was actuated by any improper motive when he subsequently, and during the pendency of the suit to foreclose the mortgage, bought the east forty of Dick Morgan for the sum of $800, paying him therefor $50 in money, a horse worth $125, and crediting the probated

claim to the amount of $275, making $450, at the same time agreeing with Dick, as the latter testifies, that the east forty thus bought was not to bear more than its just proportion of the mortgage debt, which proportion the contracting parties supposed would amount to about $350, which, with the amounts already paid and credited, would foot up the sum of $800. With this in view, the deed from Dick to plaintiff, which was a warranty deed, contained the words, "subject to mortgage." After the death of Presby G. Morgan, by proceedings in the probate court, the west forty was set off to the widow and minor child as a homestead. The object of this proceeding is to subject the forty just mentioned to the payment of what, taking into consideration the agreement already set forth, would be its just proportion of the mortgage debt.

In ordinary cases where a grantor mortgages two pieces of property, and subsequently conveys them, incumbered as they are, to two different purchasers, it 1. CONTRIBUTION BETWEEN PARCELS OF LAND SUBJECT TO A COMMON MORTGAGE. is settled law that as between themselves, should one of those purchasers pay off and discharge the incumbrance, that from this act would spring his equitable right against his co-purchaser for contribution to such an extent, considering the valuation of the respective tracts, as would answer the ends of justice. Adams Eq., 270; 1 Story Eq., § 477. This right of contribution has for its exemplification the maxim, *Qui sentit commodum, sentire debet et onus.*

But if a grantor possessed of two pieces of real estate mortgages both of them and afterward sells one of them 2.————. with warranty, that which he retains is in equity primarily liable as against all but the mortgagee for the whole debt, and the grantee is not required to contribute. All the American and English authorities establish this, that as between such purchaser and vendor the former may redeem the mortgage, and having done so, may enforce it against the portion the mortgageor retains. 2 Jones on Mortgages, §§ 1091, 1620, and cases cited; 2 Story Eq. Jur.,

§ 1233, and cases cited. And doubtless Hall, had he been, or made himself, a party to the foreclosure proceedings, could have successfully demanded that the mortgageor, if living, or his representatives, he being dead, should satisfy the mortgage debt out of the west forty, or he could have waited until foreclosure occurred, bought the land at the foreclosure sale, and then have enforced his claim thus acquired against the west forty, or he could have demanded that the mortgagee should sell, in the first place, that forty before proceeding to enforce his security against the east forty. 2 Jones Mort., § 1620. It does not appear in this case whether foreclosure was asked as to the west forty or not, but certainly the court before which the foreclosure proceedings were had, would, if informed of the true state of the case, have compelled the mortgagee to have proceeded in the manner indicated, and would have given judgment to that effect.

It would seem from the evidence, and indeed from the petition, that Hall did not become the purchaser at the

3.———; lis pendens: foreclosure sale, and that he is no longer
homestead: case
adjudged.     in the possession of the forty he bought, and as already stated, he purchased while the foreclosure suit was pending. The question then arises, do these circumstances debar him of those remedies which have been heretofore pointed out. The question is not free from difficulty. Ordinarily a purchaser *pendente lite* stands in the shoes of him from whom he buys, and against whom the litigation is pending, and shares the same fate. *Turner v. Babb*, 60 Mo. 342; *O'Reilly v. Nicholson*, 49 Mo. 160; *Real Estate Sav. Inst. v. Collonious*, 63 Mo. 290; *Koehler v. Bernicker*, 63 Mo. 368. But in this case the only result of the foreclosure suit was that the mortgage lien was adjudged to be enforced against the mortgaged property, and the same sold in satisfaction thereof. Dick Morgan, plaintiff's grantor, does not appear to have been made a party to that proceeding, nor was it either necessary or proper that he should have been. Presby Morgan's administrator was the

proper party defendant in such a suit.    *Copeland v. Yoakum*, 38 Mo. 349.    The effect, therefore, of that suit was merely to place the plaintiff in the same position that the heirs of Morgan were placed, certainly in no worse.    After judgment of foreclosure rendered, those heirs doubtless could have redeemed, or could have bought the property at the sale, and so, also, could the plaintiff.    Assuredly nothing in the judgment rendered forbade or estopped him from doing this, so that neither the judgment of foreclosure nor the plaintiff's purchase *pendente lite* stands in the way.    Had he redeemed the mortgage or, failing in that, have purchased under the sheriff's hammer, doubtless under the authorities cited he could have cast the burden on the west forty, which was primarily liable.    Has he lost the right to do this, because he has discharged the debt with land instead of money ?    True, he only possessed the equity of redemption, but this was the land, the whole fee as against all the world except the mortgagee.    These considerations would seem to compel the conclusion that plaintiff is entitled to the relief which he seeks.

Nor does that conclusion appear to be affected by the fact that by the order of the probate court a homestead, consisting of the west forty, has been assigned and set apart to the widow and a minor child of the deceased mortgageor, because the widow had already relinquished whatever right she possessed to the property mortgaged when she joined in the deed to that effect.    *Searle v. Chapman*, 101 Mass. 338 ; 5 Cent. Law Jour. 278 ; nor have her rights been enlarged by subsequent occurrences.    Her *status* respecting that forty, remains as it was, and as to the minor heir, he occupies no better footing; "for the heir sits in the seat of his ancestor."    *Clowes v. Dickenson*, 5 Johns. Ch. 235 ; 2 Jones Mort., 1090.

In the circumstances presented by this record, the plaintiff will not be allowed to have redress only in accordance with his agreement with Dick Morgan, which agreement we regard as having

4. EVIDENCE: con-
sideration of deed.

been made upon a valid consideration, and it was compe-
tent by parol to prove what was the actual consideration
of the deed from Dick Morgan to the plaintiff, (*Drury v.
Tremont, etc., Co.*, 13 Allen 168; *Liebke v. Knapp, ante*, p.
22,) and if in the introduction of such evidence, it was dis-
closed that the plaintiff had contracted for a partial dimi-
nution of the rights which equity gave him against the west
forty, this was unobjectionable, nor was it objected to when
it was introduced. Its only operation was to plaintiff's in-
jury, and of this the defendant certainly cannot complain.

Nor is the view entertained that the words "subject to
mortgage," contained in the deed last referred to, have any
5. "SUBJECT TO MORT-  bearing on this controversy, since they were
GAGE," construc-
tion of.            only such words as the law would imply.
The east forty would have been bound, in Hall's hands,
whether those words were inserted in the conveyance or
not. With no degree of propriety can it be assumed that
their presence in the deed indicates an assumption on his
part of the whole mortgage debt, or an agreement that it
should be satisfied alone out of the forty he had purchased.
Unless there was an express agreement to that effect, he
would not be personally liable for the mortgage debt, even
though the deed under which he claims had conveyed the
property therein mentioned "subject to an outstanding
mortgage." 2 Washburn Real Prop., 113. Unless the
deed recites words importing on the part of the grantee a
personal liability for the debt, such words as are quoted
above will be regarded as a merely descriptive clause, or one
inserted as restrictive of the covenants of warranty from
the grantor. Ib., 209.

Our conclusion in the matter then is, that the judgment
be reversed and the cause remanded, with directions that
the circuit court will hear testimony as to the value of the
respective forties, and then proceed by suitable decree to
enforce against the west forty, its proper proportion of the
mortgage debt, considered with reference to the agreement

between Dick Morgan and plaintiff. All concur, except NORTON, J., who dissents.