S. A. WALKER, Appellent, v. ALEXANDER GOODSILL, Respondent.

Kansas City Court of Appeals, November 6, 1893.

1. **Vendor and Vendee:** MORTGAGE.   Purchasing land "subject to" incumbrances without further words of an intention to create a personal obligation will not have the effect to make a personal charge against the vendee: and the land in his hands remains a fund out of which the incumbrances should be discharged in the order of their priorities.

2. ———: ———: VENDEE'S PURCHASE OF JUDGMENT. A mortgagee took the equity of redemption in the mortgaged land subject to incumbrances, which, without the judgment mentioned below, equaled the fair market value of the land, and subsequently bought a judgment against the mortgagor, which was a lien on a part of the land; *held,* the mortgagee as vendee, stood to the payment of the judgment as a stranger, and the mortgagor must answer personally for the judgment to the mortgagee, since the latter assumed no personal relation to it and the primary fund for its payment proved insufficient.

3. **Mortgages:** CONVEYANCE TO MORTGAGEE: MERGER.   Where the mortgagor, in recognition of the mortgage, conveys to the mortgagee, and the interest and situation of the parties clearly indicate that there is no intention to let subsequent liens in ahead of the mortgage, no merger will take place, even though the satisfaction of the mortgage be entered and the secured notes be surrendered.   The mortgage does not die in every instance of the discharge of the debtor.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*William C. Ellison,* for appellant.

(1)   Appellant contends that the expression in his deed:   "Subject to prior mortgages, liens, judgments and taxes," refers to such incumbrances as were prior to appellant's mortgage.   The respondent was simply conveying his lands to appellant, which appellant held

a mortgage on, subject to prior incumbrances. And the real consideration may be inquired into. *Holt v. Morgan*, 79 Mo. 47; 89 Mo. 617, exact page 622; 22 Mo. App. 448; 49 Mo. 212. (2) Appellant contends that as he in no way assumed the payment of the judgment, the money received on a sale of the land should not be applied on the judgment until the amount of his prior mortgage had been paid. The holder of the judgment, at the time of the deed being made to appellant, could not have enforced the same prior to appellant's claim. In fact, the holder of the judgment, being present when the release of appellant's mortgage was given, expressly announced, so he and respondent both say, that his judgment should in no manner be effected. *Holt v. Morgan*, *supra;* 2 Washburn Real Property, 113; Devlin on Deeds, sec. 1323; Devlin on Deeds, secs. 1047 and 1051.

*T. J. Johnson*, for respondent.

The effect of the settlement of December 28, 1891, between Goodsill and Walker, was, that Walker, for the consideration of $17,000, represented in the notes and mortgages, real and chattel, held by him and the firm he represented, purchased Goodsill's chattel property, and his equity of redemption in the real estate conveyed by the deed of that date. He delivered back to Goodsill his notes and mortgages and entered their satisfaction of record, which represented $17,000 paid Goodsill for his chattels and real estate, "subject to all the liens, mortgages and judgments" then subsisting against said real estate as expressed in the deed. He is therefore estopped by the terms of the deed from claiming that any liability remained on Goodsill to pay off or discharge any of the liens then existing against the land in the shape of mortgages, judgments, or taxes, pro-

vided the land was sufficient to pay them, not counting
the $17,000 which he paid Goodsill in his (Goodsill's)
paper.  He stands in this respect just as though he had
paid Goodsill $17,000 for the chattel property, and in
purchase of this land subject to these debts.  *McLeod
v. Skiles*, 81 Mo. 595, *loc. cit.* 603–4; *Miles v. Miles*,
6 Oregon, 267; s. c. 25 Am. Rep. 522; *Braman v.
Bingham*, 26 N. Y. 483, 489, 494–5; *Freeman v. Auld*,
44 N. Y. 54, 55, 56; *Johnson v. Zink*, 51 N. Y. 333;
*Tice v. Annan*, 2 John Ch. 125; *Hartshorn v. Harts-
horn*, 2 Green N. J. Ch. 349–356–357; 1 Jones on
Mortgs. [2 Ed.], sec. 737; *Cleaveland v. Southard*. 25
Wis. 479; *Brewer v. Staples, et al.*, 3 Sandf. Ch. 579,
side p.  It is not pretended that by the transaction
Walker assumed any liability beyond what the property
sold would satisfy, but it is contended that by the tran-
saction the mortgages and this judgment, then being ni
force as liens on the land, were *charged upon the land*,
and made payable out of it, even if it took it all to do
it.  It is also the law that where the vendor, in like
circumstances, is compelled to pay off an incumbrance,
he is entitled to an assignment of it so that he can
enforce it against the land on which it was an incum-
brance.  *Johnson v. Zink*, 51 N. Y. 334–5, opinion
336–7; *Freeman v. Auld*, 44 N. Y. 50; *Hartshorn v.
Hartshorn*, 2 N. J. Ch. 349 *loc. cit.* 356–7; *Cox v.
Wheeler*, 7 Paige ch. 248 *loc. cit.* 257–8.

ELLISON, J.—Plaintiff bought and had assigned to
him a judgment against defendant for a sum amount-
ing to near $2,000.  He had an execution issued on
this judgment; whereupon defendant filed his motion
to set aside and recall said execution.  The motion was
sustained and plaintiff has brought the case here.

It is sufficient for an understanding of the case as
concerns the vital question presented, to say that

defendant was largely indebted to plaintiff and several other persons in sums of various amounts. That he had secured plaintiff by giving him a second mortgage on his real estate and a first mortgage on a lot of personal property. Among defendant's debts was the judgment on which the execution in question was issued. This judgment was *subsequent* to all the mortgages referred to. As the result of some "parleying" and conversations between plaintiff and defendant, the defendant made him a warranty deed to the lands (which were in two counties) covered by the mortgages; those in one county being covered by the lien of this judgment. This deed recited that it was made "subject to prior mortgages, liens, taxes and judgments."

Plaintiff purchased this judgment some time after accepting the deed just referred to. He was probably moved to purchase it by reason of his inability to make a clear title to the lands, which he was selling from time to time. It may be stated from the record with a degree of certainty, that the lands so deeded to plaintiff are not sufficient to pay the amount of his mortgage, and the debts secured by the other mortgages. Excluding the amount represented by plaintiff's mortgage, the lands will satisfy the other incumbrances, including this judgment. The question is, what is the legal effect of the transaction between plaintiff and defendant?

It is quite clear that plaintiff did not take upon himself a personal obligation to pay the prior incumbrances mentioned in the deed by accepting it with the words above quoted incorporated therein. Purchasing land "subject to" incumbrances without further words showing an intention to create a personal obligation will not have the effect to make a personal charge against the vendee. *Hall v. Morgan*, 79 Mo. 47;

*Lawrence v. Towle,* 59 N. H. 28. A deed with such words of qualification amounts to a sale of the vendor's interest as affected by the incumbrances mentioned. And when those incumbrances are prior conveyances such as mortgages, such deed does no more than convey the vendor's equity of redemption. And the lands conveyed remain the primary fund out of which the incumbrances should be paid. The debts secured by the incumbrances are a charge upon the lands. 1 Jones Mort. sec. 736; *Hancock v. Fleming,* 103 Ind. 533; *Manwaring v. Powell,* 40 Mich. 371. In other words, the lands in the hands of the vendee remain a fund out of which (as between the vendor and vendee) the incumbrances should be discharged or liquidated *in the order in which their priorities may be.* This plaintiff then, as vendee, not having assumed any personal obligation as to this judgment, stands in relation to it as a stranger would, except in so far as it may be affected by its being a charge primarily upon the lands he has purchased. If therefore the lands, at a fair valuation, or sale, are exhausted in discharging the incumbrances which stand prior or ahead of the judgment, defendant, as the judgment debtor, must answer personally. And, as before stated, he can be made to answer to this plaintiff, his vendee, the same as if plaintiff were a third party, since plaintiff has assumed no personal relation to it and the primary fund for its payment proves insufficient.

It is true that plaintiff, holding a mortgage on these lands, took a deed of conveyance, but such deed was made in recognition of his mortgage, the interest and situation of the parties clearly indicating that there was no intention to let subsequent liens in ahead of plaintiff's mortgage. When such is the case a merger will not take place. 2 Devlin's Deeds, sec. 1051; 1 Jones Mortgages, secs. 355, 856, 857, 869. Even though

for some reason there may have been a satisfaction of the mortgage entered. *Ib.* 869. It is however one of the facts appearing in this case that plaintiff not only entered of record satisfaction of this mortgage, but delivered to defendant the notes he held against him. This is not conclusive as to the discharge or annihilation of the mortgage itself. It was necessary to sell the lands and the release of the mortgage was for the plaintiff's benefit to remove an apparent cloud on his title. The release does not overcome the evident intention of the parties as disclosed by the whole transaction, together with the evident vital interest to plaintiff to preserve the integrity of the mortgage as such. The debt represented in the mortgage was satisfied as to this defendant, "But it by no means follows that in all instances of discharge of the debtor the mortgage dies." *Bartlett v. Eddy*, 49 Mo. App. 41, and authorities cited. Also 1 Jones Mortg. 869; *Bowen v. Kurtz*, 37 Iowa 239.

The face of the whole case shows that there was no intention to permit the subsequent judgment in controversy to become a prior lien. In the view we have taken of the case, the authorities cited by defendant are not considered applicable.

The result is that the judgment should be reversed and the cause remanded. All concur.