JAMES PARKEY, Appellant, v. ALBERT VEATCH, Respondent.

68   67
s164s 383

Kansas City Court of Appeals, December 14, 1896.

1. **Mortgages**: SEVERAL TRACTS: ORDER OF LIABILITY. If several tracts of land are subject to a mortgage and the mortgagor sells each of them at different times, they are liable for the whole debt in the inverse order of their sale; and, if one of two mortgaged tracts is conveyed by warranty deed and the other retained, the mortgage debt can be made primarily out of the retained tract.

2. ———: ———: ———: PURCHASE OF EQUITY IN ONE, EFFECT ON OTHERS. The purchaser of an equity of redemption at execution sale in one of two mortgaged tracts can not buy the mortgage and enforce it solely against the remaining tract, but the purchased tract must bear its proportion of the mortgage debt.

ON REHEARING.

3. ———: ———: ———. The purchaser at execution sale of the equity of redemption in one of two mortgaged tracts who thereafter becomes the purchaser of the mortgage debt, can not foreclose the mortgage against both tracts where the mortgagor retaining the unsold tract tenders the *pro rata* share of the debt resting on the retained tract.

*Appeal from the Sullivan Circuit Court.*—HON. W. W.
RUCKER, Judge.

REVERSED AND REMANDED.

*A. W. Mullins* and *D. M. Wilson* for appellant.

(1) Each parcel of land, in case different persons
become owners of the equity of redemption, must bear
its proper share of the mortgage debt, and this is
determined by ascertaining the value of the several
parcels of the land liable for the debt. 1 Story's
Equity [11 Ed.], secs. 477, 484; *Cheesebrough v.
Millard*, 1 Johns. Ch. 409, 412, 415; *Stevens v.
Cooper*, 1 Johns. Ch. 425, 428, 430; *Hall v.
Morgan*, 79 Mo. 47. (2) Where mortgaged property
is sold under judgment execution, the purchaser at
such sale has no claim upon the mortgagor, or any one
else, to pay off the mortgage, for the purchaser's relief.
*Carpenter v. Coons*, 20 Pa. St. 222. The suit was
brought on the ground of a tender made and refused
of the amount conceded to be due. The petition avers
the payment of the money so tendered into court, with
an offer to pay any additional sum the court may find
to be due. This is sufficient. Jones on Mortgages
[2 Ed.], section 1095.

*John P. Butler* for respondent.

(1) Under a deed of trust, the property is con-
veyed by the mortgagor to a third person as trustee in
whom the legal title vests, subject to the mortgagor's
right to redeem. In the one case the legal estate vests
in the creditor, and in the other in a trustee. 1 Jones
on Mortgages [2 Ed.], sec. 62; Perry on Trusts,
secs. 602 *i*, 602 *a. a.*; *Schanewerk v. Hoberecht*, 117
Mo. 22; R. S. 1889, secs. 7079-7080; *Johnson v. Atch-*

*ison*, 90 Mo. 48; *Updike v. Elevator Co.*, 96 Mo. 162; *Dawson v. Egger*, 97 Mo. 37; *Easton v. Bank*, 127 U. S. 532; 15 Am. and Eng. Ency. of Law, 820; 26 Am. and Eng. Ency. of Law, 932. (2) All that Veatch acquired by reason of his purchase at the sheriff's sale was the equity of redemption of Parkey and wife in two hundred acres of the land. Jones on Mortgages [2 Ed.], sec. 848; *Hospes v. Almstead*, 83 Mo. 473; *Seimers v. Schrader*, 88 Mo. 20; *Baily v. Winn*, 101 Mo. 649; *Pickett v. Jones*, 63 Mo. 199. (3) There is neither legal nor equitable reason why Parkey should be relieved from the payment of any part of this debt. *Young v. Clifford*, 61 Mo. App. 450; *Watson v. Hawkins*, 60 Mo. 550; *Allen v. Dermott*, 80 Mo. 56; Jones on Mortgages [2 Ed.], sec. 1620; *Wickoff v. Davis*, 3 Green's Ch. 224; *Weatherby v. Slack*, 1 C. E. Green, 491; *Morrison v. Beckwith*, 16 Am. Dec. 136; *Nelson v. Boyce*, 23 Am. Dec. 411; *Stone v. Shultz*, 27 Am. Dec. 429; *Guion v. Knapp*, 29 Am. Dec. 741; *Crosby v. Bank*, 107 Mo. 436; *Hall v. Morgan*, 79 Mo. 47; Jones on Mortgages [2 Ed.], sec. 1620; *Engle v. Haines* (1 Halsted's Ch.), 43 Am. Dec. 624.

ELLISON, J.—This case comes here on the sufficiency of the petition to state a cause of action against defendant. The defendant demurred thereto and his demurrer being sustained, the plaintiff appealed.

The petition states that plaintiff and his wife executed and delivered to N. J. Winters their promissory note secured by a deed of trust on three hundred and twenty acres of land. That afterward the defendant recovered judgment against plaintiff for $276.74, under which judgment he had two hundred acres of said land sold at sheriff's sale, he, the defendant, becoming the purchaser thereof. That afterward defendant recov-

ered in ejectment of this plaintiff the possession of said two hundred acres. That afterward defendant purchased the note and deed of trust aforesaid and has caused to be advertised for sale under the deed of trust the one hundred and twenty acres of land described therein, "and that on the twelfth day of March, 1895, the defendant intends to and will sell the said one hundred and twenty acres of said land, of which plaintiff is the owner." That plaintiff "tendered to defendant the sum of $130.40, being the amount of the debt then due and secured by the one hundred and twenty acres aforesaid, and being the one hundred and twenty three hundred and twentieths of the entire debt then due." That all of the land was of the same value acre for acre; that the one hundred and twenty acres was worth one hundred and twenty three hundred and twentieths of the whole three hundred and twenty acres, and no more. The petition then asked that the note and deed of trust be cancelled and that if the defendant proceeded to sell the said one hundred and twenty acres, that plaintiff be permitted to redeem the same by paying said sum of $130.40.

The allegations of the petition are, in short, that defendant bought at sheriff's sale the plaintiff's equity of redemption in two hundred acres of the land and went into possession. That he then purchased the deed of trust which covered the whole three hundred and twenty acres and that he is now undertaking to close the deed of trust on the one hundred and twenty acres for the whole debt; and that plaintiff, proceeding on the theory that each tract is liable only for its proportion of the debt, has tendered the amount which is proportionally due on the one hundred and twenty acres still owned by plaintiff.

In our opinion, the petition states a cause of action. The law is that if several tracts of land are

MORTGAGES: several tracts: order of liability. subject to a mortgage and the mortgagor sells each of them at different times, they are liable for the whole debt in the inverse order of their sale. This rule is based on the idea that each successive grantee took the land as his grantor (mortgagor) had it, that is, as the tract or tracts last in the hands of the mortgagor was liable for the whole debt, so the tract conveyed last would be liable in the hands of the grantee for the whole amount, and if all of the debt could not be realized from it, thence on back through each conveyance.

And so it is the law that if two tracts of land are subject to a mortgage and the mortgagor conveys one of them by general warranty deed and retains the other, the one retained by him can be held primarily for the whole debt. *Hall v. Morgan*, 79 Mo. 47.

But the petition does not state a case within these principles. The petition states that this defendant bought one of the tracts at sheriff's sale on an execution against the plaintiff mortgagor. He therefore only purchased the equity of redemption, and his sheriff's deed was only a conveyance of the equity of redemption. He only paid for the equity of redemption. The transaction is clearly distinguishable from a purchase and payment for the full title and receiving a warranty deed. *Carpenter v. Koons*, 20 Pa. St. 222. If a person may purchase an equity of redemption in one of two mortgaged tracts and then buy the mortgage and compel the mortgagor to pay it

———: ———: ———: purchase of equity in one, effect on others. gage and compel the mortgagor to pay it to him and discharge it, the purchaser becomes possessed of the full unincumbered title to the land, when he has only paid (perhaps a trifling sum) for an equity of redemption. Thus, suppose one hundred and sixty acres of land subject to a mortgage of $4,000, and a party purchases the equity of redemption in eighty acres for $5,

and then purchases the mortgage of the mortgagee and compels the mortgagor to pay the full amount thereof. The mortgage is satisfied and he has full title to the eighty acres at the price of $5. It is clear that this should not be allowed. Yet this is the effect of defendant's position on the demurrer. He purchased the equity of redemption at sheriff's sale in two hundred acres of the tract. He then purchased the mortgage and seeks to collect the full amount thereof by a sale of the remaining one hundred and twenty acres in the hands of the mortgagor. If he does so, he will become the owner of the unincumbered title to the two hundred acres at the price he paid for the equity of redemption therein. This he can not do. When he purchased the equity of redemption, he took the land subject to its proportion of the mortgage debt and the land became a primary fund for the payment of its proportion of that debt.

We discover by the briefs that there is a difference between the statements of the respective counsel, but we, of course, on a demurrer, must look only to the petition. It follows that the judgment should be reversed and cause remanded. All concur.

ON REHEARING.

Some question is made whether the petition charges the threatened sale of the whole three hundred and twenty acres, or merely the one hundred and twenty acres which were not sold under the execution sale at which defendant purchased two hundred acres of the land. But in our view it makes no difference which defendant was endeavoring to do. The same equitable principle applies. He was not allowing the fact of his having purchased the two hundred acres to relieve the

one hundred and twenty acres remaining with the mortgagor. Where one buys at execution sale, land which has charged on it a mortgage which is prior to the judgment under which the execution is issued, he only purchases the equity of redemption and takes the land subject to the mortgage. *Lovelace v. Webb*, 62 Ala. 271. And so does he, if he purchases of the mortgagor, if his deed is made subject to the mortgage. And the land is as much liable for the debt as if the purchaser had agreed that it should be. *Guernsey v. Kendall*, 55 Vt. 205. In either case, though there is no personal liability of such purchaser for the mortgage debt, the land he purchases is a primary fund for the payment of the mortgage debt. *Walker v. Goodsill*, 54 Mo. App. 635; *Fuller v. Hunt*, 48 Iowa, 167; *Guernsey v. Kendall, supra.* And it is justly held that, generally, such purchaser can not deny the validity of the mortgage when it is asserted against the land. *Johnson v. Thompson*, 129 Mass. 398; *Railroad v. Cazenove*, 83 Va. 749; *Fuller v. Hunt, supra;* 1 Jones on Mort., sec. 744. However, there might be circumstances relieving a purchaser from such disability.

These general observations are applicable to the case before us. This defendant purchased plaintiff's equity of redemption in two hundred acres of the land which was subject to the mortgage, and then purchased the mortgage, which he is now undertaking to enforce against that portion of the mortgaged premises yet held by the mortgagor, to the exclusion of that portion he bought (at least, that is the effect of the claim made by the petition), when, at best, the land yet held by the mortgagor is only liable, under the circumstances which surround the parties, to its proportion of the mortgage debt. A further · examination of the authorities discovers many others than the Pennsylvania case cited in the original opinion, which directly

support the view originally taken.   In *Tice v. Annin*, 2 John. Ch. 125, it is said by Chancellor KENT: "If a judgment creditor, *other than the. mortgagee*, sells the equity of redemption, the mortgagor reaps the benefit of that equity, by having it applied toward the payment of his other debts, and the mortgage debt remains, without any confusion, as a distinct and separate incumbrance; and if the mortgagee, in such a case, should elect to proceed against the original debtor at law, instead of seeking to foreclose his mortgage, and should endeavor to collect his money out of other property of the mortgagor, this court must either stay such a proceeding, or compel him, upon payment, to assign over his debt and security to his debtor, so as to enable the debtor to indemnify himself out of the mortgaged premises.   The one course or the other would be indispensable to prevent the purchaser of the equity from obtaining and holding .the whole interest in the land, when he purchased, and paid only the value of, the equity of redemption."

And so it was said in *Lovelace v. Webb*, 62 Ala. 271, that the mortgaged "premises continue the primary fund for the payment of the mortgage debt, and the purchaser of the equity of redemption takes it subject to the paramount lien of the mortgage.   His purchase is of the equity only; it is its value only, the law intends, for which he bid and paid.   While he incurs no personal liability for the payment of the mortgage debt, whatever of interest he acquires in the land is subject to the mortgage.   *Meyer v. Prayn*, 7 Paige, 470; *Vanderkamp v. Shelton*, 11 Paige, 28; *Fink v. Reynolds*, 33 Ill. 495; *Stephens v. Church*, 41 Conn. 369.   The mortgagor is not bound legally or equitably to pay the mortgage debt, or contribute to its payment, for the ease or benefit of the purchaser of the equity of redemption."

In *Russell v. Allen*, 10 Paige, 249, the following, taken from the syllabus, finds direct application to the case before us: "Upon a purchase of lands, under a judgment, which lands are subject to the lien of a prior mortgage given by the judgment debtor, the premises in the hands of the purchaser are primarily liable for the payment of the mortgage debt; and the judgment debtor is neither legally nor equitably bound to pay off such prior mortgage, for the benefit of the purchaser under the judgment." And in *Vanderkamp v. Shelton*, 11 Paige, 34, the chancellor said that: "The legal presumption in such cases is, that the purchaser of a mere equity of redemption only bids to the value of such equity of redemption, beyond the amount of the previous specific lien upon the premises. It would therefore be clearly unjust and inequitable to permit him to keep the land at the price thus bid, and to resort to the personal liability of the mortgagor to satisfy the amount of such specific lien."

Without further quotation from adjudicated cases, which leave no doubt as to the correctness of the conclusion reached in the original opinion, we cite as applicable to the question, the cases of *Atherton v. Toney*, 43 Ind. 211; and *Shuler v. Hardin*, 25 Ind. 386; as well as the views expressed in 1 Jones on Mortgages, section 736. Cases with the peculiar facts of this have, perhaps, not frequently arisen, but where kindred questions have been up for adjudication, there seems to have been but one conclusion and that so eminently just and equitable that we have no hesitation in giving it effect in the present instance.

Judgment reversed and cause remanded. All concur.