CHARLES KEIFER, Guardian, Appellant, v. JACOB K. SHACKLETT et al., Respondent.

**Kansas City Court of Appeals, November 5, 1900.**

**Contracts:** ASSUMING MORTGAGED DEBT: CONSTRUCTION OF DEED: ACTION. A grantee at the time of his purchase may by express agreement assume the mortgage debt as a part of the purchase money and will be liable to the mortgagee on such promise; but merely taking a conveyance subject to the mortgage will not bind the grantee and the mortgagee can not maintain an action against him for the mortgage debt.

Appeal from the Macon Circuit Court.—*Hon. N. M. Shelton*, Judge.

AFFIRMED.

*Chas. D. Stewart* and *Dysart & Mitchell* for appellant.

(1) Where there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency. Charles v. Patch, 87 Mo. 450; Twohey v. Fruin, 96 Mo. 104, 109; Taylor v. Short, 38 Mo. App. 21; McFarland v. Bellows, 49 Mo. 311; Higgins v. Railway, 43 Mo. App. 547. (2) A demurrer to the evidence admits every fact which any of the evidence tends to prove, and also every fact which the jurors might, with propriety, infer from the evidence before them. Noeninger v. Vogt, 88 Mo. 589; Bender v. Railroad, 137 Mo. 240; Higgins v. Railway, 43 Mo. App. 547; Bank v. Simpson, 152 Mo. 638, 656; Dowling v. Allen & Co., 6

VOL. 85 app—29.

Mo. App. 195; s. c., 74 Mo. 13; Brown v. Mays, 80 Mo. App. 81; Baird v. Railway, 146 Mo. 265, 281, 282. Boltz and Keifer both testify that defendant were to pay the note in question as part of the purchase price of the lot. The warranty deed offered by the defendants showed consideration of $700 and Boltz only received $150, and the lot was worth at the time $600 or $700 in cash, and the deed itself excepts this $418.80 from the warranty, and taking deed and uncontradicted evidence together, it is plain the defendants assumed the $418 debt. The whole of the interest was paid on the note by the defendants. (3) When one undertakes to pay the debt of another, and by the same act also pays his own debt, which was the motive of the promise, the undertaking is not within the statute of frauds, and need not be in writing. Besshears v. Rowe, 46 Mo. 501; Holt v. Dollarhide, 61 Mo. 433; Flanagan v. Hutchinson, 47 Mo. 237; Bank v. Wood, 56 Mo. App. 214; Beardslee v. Morgner, 4 Mo. App. 139; Klein v. Isaacs, 8 Mo. App. 568; Green v. Estes, 82 Mo. 337.

*Pettingill & Myers* and *Robt. W. Barrow* for respondents.

(1) The purchaser of mortgaged premises does not personally assume the payment of the mortgaged debt unless it is clearly assumed by a recital in the deed or proved to have been, expressely agreed to be paid by the purchaser as a part of the purchase price of the premises. 15 Am. and Eng. Ency. of Law (1 Ed.), p. 832 and cases cited; 1 Jones on Mort. (3 Ed.), sec. 748 and cases cited. A purchaser of mortgaged premises is not personally liable for the debt on the property unless he expressly agrees to pay the same. Hall v. Morgan, 79 Mo. 47; Brooks v. Owens, 112 Mo. 251; Ins. Co. v. Irwin, 67 Mo. App. 90; Walker v. Goodsill, 54

Keifer v. Shackett.

Mo. App. 631; Building & Loan Ass'n v. Grocery Co., 3 Mo. App. Rep. No. 1, p. 7. (2) The deed from Boltz and wife to defendants does not impose any personal liability or agreement on the part of respondents to pay the mortgage debt to Keifer. Ins. Co. v. Irwin, 67 Mo. App. 90.

GILL, J.—This is a suit by a mortgagee against the purchaser from the mortgagor for the balance of the mortgage debt left unpaid after foreclosure of the mortgage—the basis of the action being that said purchaser had assumed and agreed to pay the mortgage debt. At the close of the evidence the court gave a peremptory instruction for defendants, and from a verdict and judgment in accordance therewith plaintiff appealed.

The record discloses about this state of facts. In March, 1893, one Boltz owned a lot in the town of Gorin, Scotland county, Missouri, on which he had borrowed $418 from plaintiff, giving his note due in three years and executing a mortgage or deed of trust on the real estate to secure the debt. Shortly thereafter Boltz sold and conveyed the lot to the defendants for an expressed consideration of $700. In the warranty clause of the deed Boltz covenanted and agreed with defendant "that the said premises are free and clear of any incumbrance done or suffered by him, or those under whom he claims, *except a mortgage to Chas. Keifer for $418*," and that he would "warrant and defend the title to the said premises * * * forever against the lawful claims and demands of all persons whomsoever except as above provided."

The evidence shows that defendants paid the interest as it matured on the mortgage from time to time, but refused to pay the principal debt at maturity. Plaintiff thereupon foreclosed the mortgage or deed of trust; the lot was sold, but failing to bring the full amount of the debt the plaintiff

instituted this action alleging that defendants when purchasing the lot from Boltz agreed with the latter to pay off and discharge said mortgage debt.

I.    On a close inspection of the record we feel bound to sustain the ruling of the trial court.    The law in such cases is well settled.    If the grantee shall, at the time he purchase the real estate, agree with the grantor that as part of the purchase price he, the grantee, will pay the mortgage debt encumbering the land, then the holder of the mortgage claim may sue on this obligation and enforce payment against the grantee.    This liability of the grantee rests upon the familiar doctrine that where one person makes a promise to another for the benefit of a third person, then such third person may maintain an action upon such promise.    This agreement however by the grantee to pay off and discharge the mortgage debt made and created by his grantor, must be clearly established, either by a recitation in the deed accepted at the time or by a contemporaneous obligation then entered into.    Merely taking a conveyance subject to the mortgage will not bind the grantee.    Without an express agreement entered into on purchase of the mortgaged real estate no liability exists. Taking the land *"subject"* to a mortgage will be regarded as merely restrictive of the covenants of warranty made by the grantor.    Walker v. Goodsill, 54 Mo. App. 631; Ins. Co. v. Irwin, 67 Mo. App. 90, and authorities cited; Hall v. Morgan, 79 Mo. 47; 1 Jones on Mortg. (4 Ed.), sec. 748.

The latter author says:    "A personal liability on the part of the grantee to pay a mortgage can not be implied from a statement that the conveyance is subject to the mortgage, the amount of which forms part of the consideration and is deducted therefrom."

We have here in the deed made by Boltz to those defendants nothing more than a qualification of the covenant of warranty—excepting therefrom the mortgage in question.

Clearly then there is nothing on the face of the deed even tending to prove that defendants expressly agreed to pay the mortgage debt. And it seems equally clear that no parol agreement to pay the debt was made at the time of the purchase; Boltz himself testified that no such agreement was made. In the absence then of any evidence of such express agreement between the grantor and the grantees the plaintiff has no claim against defendants and the trial court decided correctly and its judgment will be affirmed. All concur.