## MARY E. FULLER, Appellant, v. SAMUEL DEVOLLD et al., Respondents.

**Kansas City Court of Appeals, May 23, 1910.**

1. **DEED: Encumbrances.** A warranty deed made subject to a mortgage existing on the land conveys the equity of redemption of the grantor to the grantee, and leaves the land charged in the latter's hands as the primary fund for the payment of the mortgage.

2. **LIFE TENANT: Encumbrances: Interest.** A life tenant must pay taxes, ordinary repairs, temporary improvements, etc., and in addition he must pay interest on encumbrances.

3. **———: ———: ———: Contract: Double Provisions.** A warranty deed contained the following provisions: "This deed is made subject to a certain deed of trust for the sum of one thousand dollars made by the grantor herein to James E. Adams on this and other lands, recorded in Book Y. at page 143. The grantor herein reserving to himself the use, benefit and control of the above land conveyed, during his life." *Held*: That the first was an agreement between grantor and grantee that the land should stand charged as the primary fund for payment of the encumbrances, including interest; and the second reserved a life estate in the grantor with the duty, ordinarily, of paying interest on an incumbrance; but that this duty was absolved as between him and the grantee by the agreement in the first provision that the land should be charged with the payment of interest.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*Smoot & Cooley* for appellant.

(1) The life tenant is bound to pay all the accruing interest on existing incumbrances upon the estate. Tiedeman on Real Property, sec. 66, p. 42; 16 Cyc., p. 634, par. 12.

(2) If the incumbrance itself is discharged by the life tenant the amount should be apportioned ratably between him and the remaindermen. See authorities above cited.

*Campbell & Ellison* for respondent.

ELLISON, J.—Samuel Devolld was the owner of a tract of land and was the father of three children, to-wit: Miranda J., Hattie L., and Willis H. Miranda's only heir and Hattie L., each brought their action, which were consolidated into one, which is the present case. Willis H. refused to join.

Samuel Devolld gave a deed of trust on the whole tract of land to secure the payment of one thousand dollars and interest. Afterwards he conveyed a part of the land to one of his daughters, a part to the other daughter, and the remainder to his son Willis, by three separate warranty deeds, each reciting a paid consideration of seven hundred dollars, and each containing a recital that the deed was subject to the deed of trust, and that he, the grantor, reserved an interest in it during his life. This recital was in these words: "This deed is made subject to a certain deed of trust for the sum of one thousand dollars made by the grantor herein to James E. Adams on this and other lands, recorded in Book Y at page one hundred and forty-three. The grantor herein reserving to himself the use, benefit and control of the above land conveyed during his life." The debt secured by the deed of trust was due in five years and drew interest. After making these deeds to his children, the debt became due and Samuel Devolld procured the creditor to renew, or extend, it for another period of five years; and when that time expired, a second extension was had for another like period. The interest was paid by Devolld.

The petition, in effect, charges that as to the plaintiffs, their land became discharged from the lien of

the deed of trust, and states that Samuel refuses to pay said sum so secured and that the land is advertised and about to be sold by the trustee, unless he be restrained and the deed of trust cancelled. But the petition continues and asks that if the court finds that the lien is valid and still subsists, that the land be sold, the lien paid, and the shares of the parties in the proceeds be set off to them subject to Samuel's use during his life.

Defendant Samuel's answer admitted the several deeds and the deed of trust securing the payment of the sum of one thousand dollars and interest. It then alleges that after the advertisement of the land for sale by the trustee, he was forced to pay the debt and interest or lose his right to the use of the land. He then prayed for judgment for the amount of the principal paid by him, as well as the interest thereon, which he paid to the trustee in order to stop the sale. He recovered judgment in the trial court.

The foregoing, while not a statement in detail, is sufficient for an understanding of the law which we have concluded should dispose of the case.

Devolld's children, as grantees in the warranty deeds, stand on the proposition of law that as he retained a life estate in the land he became a tenant for life and as such it was his duty to pay the encumbrance on the land as well as all interest and taxes; and that therefore the judgment should be reversed. It can be gathered from the argument that it is considered the life tenant should pay at last the interest on an incumbrance, and we take it that is really all they contend for. It is the law that: "The tenant for life is bound to pay the interest on incumbrances on the property out of the rents and profits; but if he pay off the encumbrances it is said that he is, prima facie, a creditor of the estate for the amount paid, deducting the interest he would have had to pay as life tenant during his life." [Reyburn v. Wallace, 93 Mo. 326;

Bone v. Tyrrell, 113 Mo. 175; Bobb v. Wolff, 54 Mo. App. 515.]

But the facts of this case are peculiar and exceptional and in our opinion put it within a different principle of law. The deeds to the children convey the land subject to the deed of trust given by the father, and reserve the use of the land to him for his life. Now the law is that when land is conveyed by warranty deed subject to an incumbrance, it becomes a charge on the land, and while the grantee does not become personally liable, the land becomes a primary fund for the payment of the debt. [Walker v. Goodsill, 54 Mo. App. 631; Parkey v. Veatch, 68 Mo. App. 67; s. c., 164 Mo. 375; 1 Jones on Mortgages, sec. 736.] In such case the encumbrance is taken into consideration by the purchaser in agreeing upon the purchase price; and the fact that the land is to be charged with its payment reduces the price he pays to the grantor. [Hancock v. Fleming, 103 Ind. 533; Guernsey v. Kendall, 55 Vt. 201; Fuller v. Hunt, 48 Iowa 163.] And for this reason the grantee is not allowed to dispute the validity of the encumbrance. [Johnson v. Thompson, 129 Mass. 398; Parkey v. Veatch, supra.]

In this case there is what may be termed an additional encumbrance to what is ordinarily understood by that term, that is, a life interest reserved to the grantor, and it is made the subject of an additional agreement in the deed. Now as we have said that when one purchases land with a mortgage incumbrance upon it, he does so in view of that incumbrance and governs the price he pays accordingly; so we may say that when he purchases with an outstanding life estate, he has in view the duties and obligations of the life tenant and so also regulates the purchase price accordingly. The duties of a life tenant, as we have already stated, are to pay the taxes, interest on incumbrances, temporary repairs, a proportionate part of permanent improvements, etc.

In view of this additional agreement contained in the deed, it may assist to explain our conclusions by stating the two parts in this way: First, there is an agreement that the conveyance was subject to a deed of trust, the result of which was that the grantee only bought an equity of redemption and the deed of trust stood as a charge on the land as the primary fund for its payment. Second, there was the additional agreement that the grantor should have the use and control of the land during his life. Did these agreements control, qualify or modify one another so as to make either or both of them different from what they would have been had either been unaccompanied by the other? We think that the first qualifies the second in this respect, that it takes from the latter the duty of paying the interest on the encumbrance, a duty which, as we have already stated, would have been cast upon the life tenant had the second provisions stood alone. It, however, left all other burdens upon the life tenant which, under the law, he must bear; such as payment of taxes, mere temporary improvements, and proper proportion of permanent improvements, etc. But since the first division of the agreement by the grantee with the grantor was that the land should stand charged with the encumbrance, it necessarily relieved the grantor from the ordinary legal duty of paying any part of it personally. In other words, the contract in the first division of the agreement absolved the legal duty in the second division.

It follows that the trial court was right in including the interest paid on the incumbrance, and the judgment is affirmed. All concur.