STATE INSURANCE COMPANY, Appellant, v. L. E. IRWIN, Respondent.

**Kansas City Court of Appeals, March 23 and June 15, 1896.**

1. **Pleading**: RECOVERY. When the material allegations in plaintiff's petition are denied, they must be proved as alleged to secure a recovery.

2. **Mortgages**: ASSUMPTION OF DEBT: CONVEYANCE: SUBJECT TO. Where the mortgagee's conveyance contains a word subject to a deed of trust, etc., the purchaser and his grantees do not become personally liable for the mortgaged debt without an express agreement to that effect, such words being merely restrictive of the covenant of warranty.

3. **Instructions**: COVERING SAME GROUND: QUESTION OF LAW. Instructions declaring the law as given in other instructions are properly refused, especially when in addition they submit questions of law to the jury.

4. **Trial and Appellate Practice**: COURSE OF TRIAL: JUDICIAL DISCRETION. The conduct of the trial as to the action of witnesses on the stand must be left to the sound discretion of the trial judge, and the appellate court will not interfere unless manifest abuse appears.

#### ON MOTION FOR REHEARING.

5. **Evidence**: HARMLESS. In this case conceding it error to admit a certified copy of the deed without accounting for the original, it is harmless.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*James A. Reed* for appellant.

(1) The admission of the certified copy of the trustee's deed in evidence, without first making an affidavit or showing that the original was lost, destroyed, or not within the control of the defendant, was error for which this case must be reversed. Secs. 2427, 2428, R. S. 1889; *Pierce v. Georger*, 103 Mo. 540–543; *Crespen v. Hounavan*, 72 Mo. 548; *Christie v. Kavanaugh*, 45 Mo. 376; *Strain v. Murphy*, 49 Mo. 340; *Hoskinson v. Atkins*, 77 Mo. 538; 1 Greenleaf on Evidence, sec. 558. (2) The court permitted witness Bush, who was sworn on behalf of Irwin, and whose testimony showed he was very friendly to him, to compare his oral testimony with a written statement he had made and to testify that the meaning of his oral testimony and the written statement was the same. This was manifestly error. Best on Evidence [Morgan's Ed.], sec. 641 and authorities cited in par. 3. We think the court erred in giving the third instruction asked by defendant. *Lessor v. Beckhoff*, 33 Mo. App. 223, 238; *Jones v. Jones*, 57 Mo. 138, 143; *Hooper v. Vance*, 27 Mo. App. 336, 341;

*Railroad v. Stock Yards*, 120 Mo. 541, 564; *Doud v. Reid*, 53 Mo. App. 553, 562.

*T. B. Jewell* and *H. H. Getman* for respondent.

(1) The admission of the certified copy of the trustee's deed was not error. 1 Wharton on Evidence [2 Ed.], sec. 115; *Barton v. Murrain*, 27 Mo. 237; *Walker v. Newhouse*, 14 Mo. 373. In any event, the failure to make proof of loss of the original before introduction of copy does not constitute reversible error. *Smiley v. Cockerill*, 92 Mo. 112. (2) The proposition embodied in plaintiff's third and fourth instructions is not the law. *Hale v. Morgan*, 79 Mo. 52; *Roe v. Barker*, 82 N. Y. 434; *Holcomb v. Thompson*, 50 Kan. 600; *Hubbard v. Ensign*, 46 Conn. 585; *Remsen v. Beekman*, 25 N. Y. 560; *Leeser v. Boeckhoff*, 33 Mo. App. 238; *Tyler v. Hall*, 106 Mo. 323; *Vilas v. McBride*, 62 Hun, 324.

GILL, J.—In the year 1887, Irwin sold and conveyed to Taylor a vacant lot in Kansas City. The purchase price was $1,500, of which Taylor paid $300 in cash and gave his note to Irwin for the balance. In order that Taylor might erect a residence on the lot, Irwin agreed that Taylor might borrow from a third party $1,675 on the property, and that he, Irwin, would accept a second mortgage to secure the balance of the purchase money. Thereupon Taylor borrowed the above named amount from a loan company; executed to it his note and first mortgage, and gave to Irwin a second mortgage. Taylor built a house on the lot and occupied it for about a year; when, because of his inability to pay interest on the two mortgages, he made a sale and conveyed the same to one Hanback. The latter paid in cash about $130, which went to the extin-

guishment of some interest past due, and in addition deeded to Taylor eighty acres of land in Taney county. The deed from Taylor to Hanback was an ordinary warranty deed, stating a consideration of $4,000 but reciting on its face that it was made "subject" to an incumbrance of $2,935. This was at that time the aggregate amount of the two mortgages. Hanback owned and occupied the property for a while, and then, for a nominal consideration of $1, made a quitclaim deed to defendant Irwin. This last deed of Hanback to Irwin contained this clause: "Subject to a deed of trust dated November 8, 1887, to L. R. Smith to secure the payment of $1,675." It will be remembered that this was the first mortgage loan procured by Taylor from the loan company.

Plaintiff purchased the last named note and mortgage from the loan company; and, after foreclosing the same, brought this action against Irwin for a balance due thereon of about $1,300. This, of course, was originally the debt of Taylor. But plaintiff alleged in its petition, and sought to charge defendant Irwin on the alleged ground that when Hanback bought from Taylor, he (Hanback) assumed and agreed to pay this first mortgage; and when Irwin subsequently took a conveyance from Hanback, he (Irwin) likewise agreed and promised to pay said incumbrance.

There was a trial by jury, resulting in a finding and judgment for defendant Irwin, and plaintiff appealed.

Reversal is asked on two general grounds—that the court erred in giving and refusing instructions, and erred in admitting and excluding evidence at the trial.

As to the instructions, the court in effect told the jury that the clause, "subject to a deed of trust dated November 8, 1887, to L. R. Smith, trustee, to secure the payment of $1,675," contained in the deed of Han-

back to Irwin, did not constitute an agreement on the part of Irwin to pay said debt; that, to justify a recovery it was incumbent on plaintiff to prove that when Hanback purchased the lot from Taylor, he (Hanback) orally agreed, as a part of the purchase price, to pay the said mortgage debt which Taylor owed the loan company, and further that when Irwin subsequently took a conveyance from Hanback, he (Irwin) orally agreed, as a part of the purchase price, to pay said Taylor debt and mortgage.

It seems that this comprised about all the law necessary to be given to the jury. From an examination of plaintiff's petition we find that it rested its right to recover on the affirmative of the above propositions— that is, that Hanback, Taylor's grantee, agreed to pay the loan company's mortgage, and that subsequently when Hanback conveyed to Irwin, it was agreed that Irwin would assume and pay said mortgage debt. The defendant denied these allegations; evidence was adduced on both sides of the issues thus made; and as the jury found in favor of the defendant, it must end the controversy, unless some other prejudicial errors were committed against the plaintiff.

The court properly instructed the jury as to the obligatory force—or, rather, want of obligatory force, of the words used in the conveyances: "subject to a deed of trust * * * of $1,675." This clause properly construed did not impose a personal liability on either Hanback or Irwin to pay off the outstanding mortgage. Unless there was, at the time, an express agreement to that effect, they were not personally liable for the mortgage debt. Without proof of such an agreement, such words will be regarded as merely restrictive of the covenants of warranty made by the grantor. 2 Washb. Real Prop. [5 Ed.], pp. 117, 217, *et. seq.; Hall v. Morgan,* 79 Mo. 47.

The refusal of plaintiff's instructions numbered 3 and 4 can not be treated as reversible error, even conceding they contained a correct announcement of the law; for, as stated, the court had already declared all the law necessary in the case. It accomplishes no good to multiply instructions, but on the other hand tends rather to confuse the jury. But the instructions above alluded to were subject to the objection that they proposed to submit questions of law to the jury. Whether or not Hanback, at the time he conveyed the property in question to defendant Irwin, "was bound personally to pay the mortgage indebtedness, either by express or implied agreement," was, the facts proved, a question for the court and not the jury. Considering the instructions altogether, we find them unobjectionable and entirely fair to the plaintiff.

After a careful review of the various objections relating to evidence, we find no substantial errors. At most, if error was committed, it was concerning some immaterial matter, or clearly not prejudicial. Judging from the very meager showing of the evidence, as set out in plaintiff's abstract, it appears the court gave rather a wide range to lawyers and witnesses. This was particularly true with reference to the principal witness for the defendant. On this account the plaintiff's counsel has complained—asserting that the witness was allowed, during his examination, to argue the case to the jury, etc. The proper conduct of the trial, in matters such as this, must be left to the sound discretion of the trial judge, and the appellate court will not interfere unless a manifest abuse of that discretion appears. The abstract contains only some mere excerpts and detached portions of the testimony, and from these we are not in a position to declare affirmatively that the court abused its discretion.

The plaintiff, it seems, had a fair trial of the issues involved and as we discover no substantial error, the judgment must be affirmed.   All concur.

### ON MOTION FOR REHEARING.

GILL, J.—At the trial of this case, the defendant was permitted, over plaintiff's objection, to read in evidence a certified copy of the trustee's deed made in the foreclosure of the Taylor deed of trust, in which deed it appeared that the property was bought in for $500 by the plaintiff, who then held the incumbrance. The ground of objection was that it was not first shown by the oath or affidavit of the party seeking to introduce the instrument that the original was lost or not within the power of the party wishing to use the same, as required by section 2428, Revised Statutes, 1889.

In a motion for rehearing, complaint is made that we failed to notice this point in our original opinion. The point was considered in passing on the errors assigned, but we thought it an immaterial matter and failed to mention it in the opinion.   Conceding that it was error in the court to admit the certified deed when the defendant had not accounted for the absence of the original, yet its introduction could have worked no possible harm to ·the plaintiff.   The sale of the property under the deed of trust had already been proved by the indorsed credit on the Taylor note— and this, too, was shown by the plaintiff itself.   All that the trustee's deed would tend to prove was that the property pledged to secure the note in suit had been sold under the deed of trust; that plaintiff had purchased at the price of $500; and it was also by other evidence shown that this amount, less the trustee's fees and costs, had been credited on the note.   The other evidence in the case clearly established these

facts—indeed, they stood admitted. So, if it was error, it was entirely harmless, and it would be a very trifling reason for reversing the judgment. As we held in our first opinion, the plaintiff had a fair trial on the substantial issues and there is no good reason for reversing the judgment.

The motion for a rehearing will be overruled.