FORT WORTH & DENVER CITY RAILWAY COMPANY v. A. D. ROGERS.

Decided November 10, 1900.

**1. Railway Company—Limiting Liability—Passenger on Freight Train.**

The ruling in this case on former appeal (21 Texas Civil Appeals, 605), to the effect that a railway company can not, by a release taken in advance from one permitted upon payment of the usual fare to ride as a passenger upon a freight train, stipulate against liability for injury resulting from its own negligence, is adhered to.

**2. Same—Charge of Court—Degree of Care.**

A charge that "while railroad companies are not to be regarded as insurers of the safety of their passengers, still they are required to use the utmost care to provide for their safety," is held correct.

**3. Same—Charge—Assumption of Risk.**

To a charge that "a person taking passage on or riding on freight trains, where the railroad runs passenger trains on its road for the benefit of travelers, assumes the extra danger, if any, as is necessarily incident to traveling on freight trains," objection was made that "ordinarily" should have been substituted for "necessarily." Held that the charge given was not incorrect, and if appellant desired any further or more favorable instruction, it should have requested it.

**4. Same—Charge—Immaterial Error.**

Where the injury resulted from a collision which the evidence showed to be due alone to the negligence of those in charge of the train in not exercising proper care after the train broke in two, an error in the charge in submitting the issue of negligence on the part of the railway company in failing to use proper care to select suitable appliances with which to couple its cars together, will not warrant a reversal of the judgment.

**5. Same—Contributory Negligence—Passenger Standing on Platform.**

The action of a passenger in going out on the platform of a car does not, per se, render him guilty of contributory negligence.

Appeal from Wise.    Tried below before Hon. J. W. Patterson.

*Stanley, Spoonts & Thompson,* for appellant.

*R. E. Carswell,* for appellee.

STEPHENS, Associate Justice.—1. The freight train carrying appellee as a passenger between Wichita Falls and Iowa Park broke in two, and through the negligence of the train operatives a collision resulted in which he was injured. Passengers were permitted by appellant to ride on its freight trains between the points named, upon paying the usual fare and releasing the company from all damages, "whether happening through the negligence of said company, the servants, employes, or agents, or otherwise." To the answer pleading this release in bar of appellee's action for damages, a demurrer was sustained, and this ruling was approved on the former appeal, although the judgment was reversed upon another ground. 21 Texas Civ. App., 605. The question is again raised, but we see no reason to change the views then expressed by Justice Hunter.

2. In charging the jury that "while railroad companies are not to be regarded as insurers of the safety of their passengers, still they are required to use the utmost care to provide for their safety," the trial court followed a precedent which has been approved by our Supreme Court. Gallaher v. Bowie, 66 Texas, 266; Railway v. Welch, 86 Texas, 265; Railway v. Higbee, 23 S. W. Rep., 737.

3. To the charge, that "a person taking passage on or riding on freight trains, where the railroad runs passenger trains on its road for the benefit of travelers, assumes the extra danger, if any, as is necessarily incident to traveling on freight trains," the objection is made that "ordinarily" should have been substituted for "necessarily;" but the charge given was not incorrect, and if appellant desired any further and more favorable instruction, it should have requested it. Besides, it could hardly be maintained that a collision between parts of a broken

freight train is one of the ordinary incidents and assumed perils of travel on such trains. While the evidence in this case tended to prove that it is usual, if not unavoidable, for freight trains to break in two, it also established that the collision in question was due alone to the negligence of appellant's servants in charge of the train. If the proper care had been taken by them after the train broke in two, there would have been no collision, and the evidence did not admit of a contrary finding.

4. If, therefore, the court erred, as assigned, in submitting the issue of negligence on the part of appellant in failing to use proper care to select suitable appliances with which to couple its cars together, we would not be warranted in reversing the judgment on that ground.

5. It is earnestly insisted by appellant that the undisputed evidence showed appellee to have been guilty of contributory negligence in leaving the place provided inside the caboose for passengers to ride, and going out on the platform after he had knowledge that the train had broken in two. In various forms error is assigned to the court's action both in submitting this issue to the jury and in approving their verdict upon it. We have carefully examined these assignments of error, and are constrained to overrule them all. The issue was correctly and sufficiently submitted in the charge, and we do not feel warranted in disturbing their verdict. Railway v. Choate, 22 Texas Civ. App., 618; Gaunce v. Railway, 20 Texas Civ. App., 33; Railway v. McCoy, 17 Texas Civ. App., 494.

The judgment is therefore affirmed.

*Affirmed.*