# PARKEY v. VEATCH, Appellant.

### Division One, June 29, 1901.

**Deed of Trust:** PURCHASE OF EQUITY IN PART BY MORTGAGEE: FORE-CLOSURE AS TO BALANCE. The purchaser at an execution sale, of the equity of redemption in one of two mortgaged tracts of land, can not buy in the mortgage and enforce it against the remaining tract. And where he attempts to do so by foreclosure of the mortgage against both tracts, the mortgagor retaining the equity of redemption in the unsold tract may invoke the powers of a court of equity to prevent such foreclosure, by tendering the pro rata share of the debt resting upon such unsold tract. (Affirming Parkey v. Veatch, 68 Mo. App. 67.)

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REMANDED *(with directions).*

*J. M. Winters* and *Perry S. Rader* for appellant.

(1) There can be no merger where the legal title is in one person and the equitable title is in another. In this case the legal title was in the trustee, J. M. Winters, upon condition broken. Siemers v. Schrader, 88 Mo. 23; Johnson v. Houston, 47 Mo. 227; Hospes v. Almstedt, 13 Mo. App. 273; Rowse v. Johnson, 66 Mo. App. 63. The equitable title was in Veatch, who bought Parkey's equity of redemption at the sheriff's sale, and subsequently by suit in ejectment and to set aside the deed to Ryan, was put into possession of two hundred acres of the property. Dolbear v. Norduff, 84 Mo. 619;

Hospes v. Almstedt, 13 Mo. App. 273; Rowse v. Johnson, 66 Mo. App. 63; Perry on Trusts, 602d. In order to be a merger there must be a union of the two estates in one and the same person. "In law a merger always takes place," says Jones on Mortgages, vol. 1, p. 754, sec. 848, "when a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate. The lesser estate is annihilated or merged into the greater." This is the usual definition of a merger. In order to establish a merger in this case plaintiff must show that the two estates met and united in Veatch. Bassett v. O'Brien, 149 Mo. 381; Hospes v. Almstedt, 13 Mo. App. 270; State to use v. Koch, 47 Mo. 584; Rowse v. Johnson, 66 Mo. App. 63; 2 Washburn, Real Property (5 Ed.), p. 205, sec. 3; 1 Jones on Mortgages, sec. 848, top page 809. (2) The intention of the party who holds the mortgage debt must control. Hayden v. Lauffenburger, 157 Mo. 95; 2 Washburn Real Property (5 Ed.), p. 205, sec. 2; Hospes v. Almstedt, 83 Mo. 473; Reed v. Latson, 15 Barb. (N. Y.) 9. Veatch did not intend, when he bought the note from Winters, that the purchase should work an extinguishment of the debt and deed of trust. On the contrary, his manifest purpose was to use the deed of trust for the purpose of reimbursing himself, if possible, for the money he had paid out to protect himself from the prior deeds of trust. He had paid $315 to forestall the foreclosure of the second deed of trust, and $720 to prevent a foreclosure of the first deed of trust, and $240 in taxes, in all $1,275. Besides, he had given only $200 for the equity of redemption in 240 acres of land, and $76 and costs, at least, of the judgment he had recovered against Parkey remained unpaid. His interest and his intention manifestly were that the deed of trust should not be extinguished by his purchase of the note. The purchase of a note has always, in this State, been held to be an

extinguishment or an assignment according to the intention of the party. Ess v. Griffith, 128 Mo. 61. (3) No attempt is made by this decree to make Parkey pay his part of these taxes ($240), as a precedent condition for maintaining his suit. Horrigan v. Wellmith, 77 Mo. 542. (4) The judgment of the trial court cancels not only the deed of trust, but the note also. It thereby not only cut Veatch off from the only possible course he could take to collect the amount due on the note, but was the judicial declaration that a payment by Parkey of three-eighths of his debt was all the law required of him. For this error alone, if for no other, this judgment should be reversed. Parkey makes tender of $130.40, and the amount due on the note at that time was $347, and this amount is still due. Hayden v. Lauffenburger, 157 Mo. 97; Lewis v. Starke, 18 Miss. 120; Fessett v. Mulock, 5 Colo. 466. (5) The decision of the Kansas City Court of Appeals in this cause, as reported in 68 Mo. App. 67, is of no binding force and effect, because that court had no jurisdiction of the appeal. The cause involved title to real estate. Nearen v. Bakewell, 40 Mo. App. 625; Kelly v. Stead, 59 Mo. App. 64.

*A. W. Mullins* and *D. M. Wilson* for respondent.

(1) The law of this case having been expressly declared by the Kansas City Court of Appeals on a former appeal, can not now be called in question. It is *res adjudicata.* Adair Co. v. Owenby, 75 Mo. 282; Conroy v. Iron Works, 75 Mo. 651; Gaines v. Fender, 82 Mo. 497; Keith v. Keith, 109 Mo. 130. (2) Where one buys at execution sale, land which has charged on it a mortgage which is prior to the judgment under which the execution is issued, he only purchases the equity of redemption and takes the land subject to the mortgage. Lovelace v. Webb, 62 Ala. 271; Tice v. Annin, 2 John. Ch. 125;

Carpenter v. Koons, 20 Pa. St. 222. (3) And though there is no personal liability for the mortgaged debt, the land he purchases is a primary fund for the payment of that debt. Walker v. Goodsill, 45 Mo. App. 635; Fuller v. Hunt, 48 Ia. 167; Guernsey v. Kendall, 55 Vt. 205; Meyer v. Prayn, 7 Paige, 470; Vanderkamp v. Shelton, 11 Paige, 28; Fink v. Reynolds, 33 Ill. 495; Stephens v. Church, 41 Conn. 369; Russell v. Allen, 10 Paige, 249. (4) The purchaser of an equity of redemption at execution sale in one of two mortgaged tracts can not buy the mortgage and enforce it solely against the remaining tract, but the purchased tract must bear its proportion of the mortgaged debt. Parkey v. Veatch, 68 Mo. App. 67; Atherton v. Toney, 43 Ind. 211; Shuler v. Hardin, 25 Ind. 386; 1 Jones on Mortgages, sec. 736.

*J. M. Winters* and *Perry S. Rader* for appellant, on motion for rehearing.

(1) This cause was tried and decided in the trial court on the theory that the purchase by appellant at the sheriff's sale of respondent's equity of redemption in the 200 acres of land, constituted a merger of the legal title conveyed to J. M. Winters by the deed of trust and of the equitable title sold by the sheriff, and thereby the deed of trust as to the 200 acres was extinguished. In the decree it is said: "The court, therefore, finds as a matter of law that when defendant Veatch purchased the Winters note aforesaid, such purchase operated as a merger of title in defendant Veatch as to the 200 acres of land." The case having been tried on this theory, ought to be disposed of on the same theory here. Horgan v. Brady, 155 Mo. 663; Walker v. Owen, 79 Mo. 567; Whetstone v. Shaw, 70 Mo. 575; Tomlinson v. Ellison, 104 Mo. 112; Minton v. Steele, 125 Mo. 196. (2) The only theory

upon which the judgment in this case can be permitted to stand is, that the purchase by defendant of plaintiff's equity of redemption constituted a merger of the legal and equitable title. That decree cancels the entire deed of trust and the entire note on a simple tender to pay three-eighths of the debt. It has always been the law of this State that every foot of the mortgaged land is liable for every dollar of the debt. One acre is not liable alone for its proportional amount of the debt. If 320 acres are conveyed to a trustee as security for a debt, the mortgagor has no right to have one-fourth of the land released from the burden of the deed of trust on payment by him of one-fourth of the debt. But that certainly is the theory of the opinion in this case. The rule, on the contrary, has always been in Missouri, that the mortgagee can refuse to release any of the mortgaged property until all the debt was paid. At the foreclosure sale the mortgagor can have the land sold in parcels in the order that he may direct, and when enough is sold to pay the debt the deed of trust is lifted from the balance. But until the last dollar is paid the deed of trust remains a burden on the whole tract unless the mortgagee voluntarily wishes to release a part of it. The mortgage is simply a security for the payment of the debt. As was said in Reed v. Swan, 133 Mo. 109, "A mortgage is a vested interest, and its main incident is a right to have the land applied in discharge of the debt." The note and deed of trust are entirely separate contracts. Mayes v. Robinson, 93 Mo. 114.

BRACE, P. J.—The plaintiff, James Parkey, and his wife, Sarah S. Parkey, were the owners of 320 acres of land in Sullivan county; that is to say, Sarah S. Parkey was the owner in fee of the southwest quarter of the northwest quarter of section 15, containing 40 acres. James Parkey and Sarah S. Parkey were the owners in fee, as tenants in common,

of the northeast quarter and the northeast quarter of the northwest quarter of section 16, containing 200 acres, and James Parkey was the owner in fee of the northwest quarter of the northwest quarter and the southeast quarter of the northwest quarter of section 16, containing 80 acres, all in township 62, range 19.

On the fourth of June, 1891, by their deed of that date duly executed, acknowledged and recorded, they conveyed all of said real estate to Frank Madden in trust to secure the payment of their fifteen promissory notes of that date to the Omaha Loan & Trust Company, one principal note for $3,000, payable seven years after date, and fourteen coupon interest notes each for $88.50, payable semiannually after that date.

Afterwards, on the same day, the said James and Sarah S. Parkey, by a second deed of trust of that date, duly executed, acknowledged and recorded, conveyed all of said real estate to said Madden in trust to secure the payment of their three other promissory notes of that date, payable to the said Omaha Loan & Trust Company, each for the sum of $140, in one, two and three years from date with ten per cent interest.

Afterwards, on the fifteenth day of October, 1891, the said James and Sarah S. Parkey by a third deed of trust of that date duly executed, acknowledged and recorded, conveyed all of said real estate to John M. Winters in trust, to secure the payment of their promissory note of that date for $334.85 to N. J. Winters, payable ninety days after date with eight per cent interest.

Afterwards, on the nineteenth of November, 1891, the defendant Veatch obtained judgment in the circuit court of Sullivan county against the said Parkey for the sum of $300.70, on which execution was issued, and all the interest of the said James Parkey in the said 200-acre tract was sold to the said Veatch, who received a sheriff's deed therefor, dated

May 27, 1892. Afterwards, on the nineteenth of November, 1894, the said Veatch obtained a judgment in said circuit court against the said James and Sarah S. Parkey for the possession of said 200-acre tract, by virtue of which he took, and ever since has remained in possession thereof.

Afterwards, on the eighth of January, 1895, the said defendant purchased the said Winters note for $334.85. The same was duly assigned to him, and remaining due and unpaid, he caused the whole of the 320 acres of land, conveyed by the said third deed of trust, to secure the same, to be advertised for sale on the twelfth of March, 1895, in pursuance of the power therein contained. On the fourth of March, 1895, the plaintiff, by two deeds of that date, acquired the interest of his wife in the southwest quarter of the northwest quarter of section 15, and thus became the owner of 120 acres of the 320 acres, subject to the incumbrances, all of which was of about the same value per acre, and on the eighth of March, 1895, he tendered to the defendant three-eighths of the total amount due on said note and deed of trust for principal, interest and costs, which tender the defendant refused to accept, and the plaintiff brought this suit in equity, in the circuit court of Sullivan county on the eleventh of March, 1895, his petition herein being as follows:

"Plaintiff states that on the 15th day of October, 1891, he and his wife Sarah S. Parkey, made, executed and delivered to N. J. Winters, their promissory note, secured by their certain deed of trust on the following described 320 acres of land, viz: the southwest fourth of the northwest quarter of section 15, and the northeast quarter and the east half of the northwest quarter, and the northwest fourth of the northwest quarter of section 16; all in township 62, of range 19.

"That afterwards, to-wit, on the nineteenth day of November, 1891, the defendant recovered judgment against the plain-

tiff in the Sullivan Circuit Court for the sum of $276.74, debt and cost of suit; that said defendant afterward caused an execution to issue out of said court on said judgment directed to the sheriff of said county and that said sheriff afterwards by virtue of said execution, in the manner prescribed by law, levied upon, advertised and sold 200 acres of said land described as follows, to-wit: the northeast quarter, and the northeast fourth of the northwest quarter of section 16, in township 62 of range 19, and at said sale said Veatch, the defendant, became the purchaser of said 200 acres and received a sheriff's deed therefor.

"That afterwards, to-wit, at the May term, 1894, of this court, the defendant commenced a suit in this court in ejectment for the recovery of said 200 acres of land as well as the cancelling of certain deeds, and at the November term, 1894, of said court, the defendant recovered judgment as prayed, and ever since said time has been in the possession and is now the owner and in possession of said 200 acres of land.

"That afterwards, to-wit, on the —— day of February, 1895, the defendant became the purchaser and assignee of said note and deed of trust, and that he has advertised or caused to be advertised for sale the said 320 acres of land as described in said deed of trust, and that on the twelfth day of March, 1895, the defendant intends to and will sell the said 120 acres of said land, of which the plaintiff is the owner, under the alleged provisions of said deed of trust. Plaintiff further states that on the fifth day of March, 1895, he tendered to said defendant the sum of $130.40, being the amount of the debt then due and secured by the said 120 acres aforesaid, and being the 120-320ths of the entire debt then due and secured by the said deed of trust, together with $6, all the costs accrued by reason of advertising said land, but that the defendant refused to accept the sum so tendered.

"Plaintiff states that all of said land is of practically the same value acre for acre, and that the 120 acres of land included in said deed of trust is worth 120-320ths of the whole 320 acres and no more. That at the time of the tender of the said money the amount tendered was 120-320ths of the whole amount due on said note and secured by the said deed of trust on the whole 320 acres.

"Plaintiff therefore tenders and brings into court the amount by him heretofore tendered to defendant, and prays the court that the said deed of trust be cancelled, and that said note be cancelled, and both satisfied in full, and if the defendant proceeds and sells the said 120 acres that the plaintiff be permitted to redeem the said land upon the payment to the defendant of the said sum of $130.40, or, if in the opinion of the court the amount be not sufficient, then upon the payment of such sum as the court may deem just and proper, which said amount the defendant is ready and willing to pay into court, and for all other and proper relief."

Afterwards, on the twelfth day of March, 1895, the 320 acres was sold by the trustee in pursuance of the advertisement and the defendant became the purchaser thereof for the sum of $50 and received the trustee's deed therefor. Afterwards, on the twentieth day of May, 1895, the defendant filed his demurrer in the circuit court to the petition of the plaintiff, on the ground that it stated no cause of action against the defendant, which coming on to be heard on the twenty-sixth of June, 1895, was sustained by the court and final judgment entered thereon, from which defendant in due course prosecuted his appeal to the Kansas City Court of Appeals, where on the fourteenth day of December, 1896, the judgment of the circuit court was reversed, and the cause remanded for further proceedings in accordance with the opinion rendered. [68 Mo. App. 67.] Pending those proceedings, the

plaintiff brought suit in the Sullivan Circuit Court against the defendant for the balance due on the Winters note and on the twenty-sixth of November, 1895, obtained judgment against him thereon for the sum of $414.35, paid off the balance due on the second deed of trust to the Omaha Loan & Trust Company amounting to the sum of $315, and also paid coupon interest notes secured by the first deed of trust, to said company, amounting to the sum of $720, and in addition thereto paid taxes on said lands amounting to the sum of $240.

The mandate of the Court of Appeals was filed in the Sullivan Circuit Court on the twenty-seventh of December, 1896, and the defendant then being in possession of the whole of the 320 acres, as he ever since has been, at the May term, 1897, of said court filed his answer to plaintiff's petition, in which, after setting out at great length the facts and occurrences prior and subsequent to the institution of the suit, with legal conclusions predicated thereon, prayed that plaintiff's petition be dismissed, that he be enjoined from asserting any right or title in or to said land, that he be divested of any legal or equitable title he may have thereto or therein, and that the same be vested in the defendant, and for general relief. On the twentieth day of May, 1897, the plaintiff joined issue, by reply, and on his application the venue was changed to the Livingston Circuit Court, where on the twenty-seventh of September, 1897, the case was tried, and thereafter a decree entered which after a long finding of facts, is as follows:

"The court, therefore, feeling itself bound by the ruling of the Kansas City Court of Appeals, rendered on an appeal from the judgment of the Sullivan Circuit Court herein sustaining a demurrer to the plaintiff's petition, finds as a matter of law, that when the defendant Veatch purchased the Winters note aforesaid, such purchase operated as a merger of title in defendant Veatch as to the 200 acres of land, and further

operated as an extinguishment *pro tanto* of the Winters note due from the said Parkeys to the defendant Veatch.   It is therefore ordered, adjudged and decreed by the court here, that plaintiff's petition be sustained; that the note originally given by James and Sarah S. Parkey to N. J. Winters, and by the latter assigned to defendant Veatch, together with the deed of trust given to John M. Winters, trustee, to secure the payment of said note, be each cancelled, and set aside, and for naught held in law or equity.   That the prayer of defendant's cross-bill for affirmative relief be dismissed, and that the plaintiff have and recover of and from the defendant his costs in this behalf taxed at the sum of ——— dollars, and that he have execution therefor."

From this decree, the defendant in due course prosecuted his appeal to this court.

The case as presented to the Court of Appeals on the former appeal has been simply elaborated, but not materially changed by the mass of matter brought into the record on the trial on the merits—and the crucial question to be determined on this, is the same as it was on that appeal.

The case when in that court, was carefully considered, as is evidenced by the two unanimous opinions delivered by that court; one in the first instance; and one on motion for rehearing; both reaching the same conclusion, and in conformity with which is the decree of the circuit court, and in which it was held in substance, that the purchaser at execution sale of the equity of redemption in one of two mortgaged tracts of land, can not buy in the mortgage and enforce it against the remaining tract, and where he attempts to do so by foreclosure of the mortgage against both tracts, the mortgagor retaining the equity of redemption in the unsold tract, may invoke the protection of a court of equity to prevent such foreclosure, upon

Vol 164 mo—25

tendering the pro rata share of the debt resting upon the retained land.    This ruling is consonant with equity, is well supported by the reasoning, and the authorities cited in the opinions of the Court of Appeals, is in harmony with the principle of many other cases which we have had occasion to examine in connection with this, and the recent case of Landau v. Cottrill, 159 Mo. 308, 60 S. W. 64, some of which are cited in the second paragraph of the opinion in that case; and although we are of the opinion that the appeal in this case is within the jurisdiction of this court and for that reason the case can not be said to have been adjudicated by the decision of the Court of Appeals, yet its value as a true exposition of correct principles decisive of the case is in no way impaired by that fact, and we take pleasure in adopting the same for the decision of the case in this court.    From which an affirmance of the decree would follow.    But as it does not appear from the record that the plaintiff's tender was kept good by deposit, the affirmance will have to be conditional.    [Landis v. Saxton, 89 Mo. 375; Hudson v. Glencoe Gravel Co., 140 Mo. 103.]    The case will, therefore, be remanded to the circuit court with directions that if deposit in that court has been made in accordance with the tender, or if not, and such deposit shall be made within sixty days from the filing of the mandate herein, then the court will enter up final decree as before, and if such deposit has not been, or shall not be so made, then that plaintiff's bill will be dismissed.    The costs of this appeal to be taxed against the appellant in any event.

All concur.